ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Tactical Network Corporation | ) ASBCA No. 62963 |
| | ) |
| Under Contract No. FA8217-21-P-0004 | ) |

APPEARANCE FOR THE APPELLANT:  Mr. Tim Antrim
  President

APPEARANCES FOR THE GOVERNMENT:  Jeffrey P. Hildebrant, Esq.
  Deputy Chief Trial Attorney
Maj Thomas Pfeifer, USAF
Christopher M. Judge-Hilborn, Esq.
  Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE SWEET

On June 24, 2021, *pro se* appellant Tactical Network Corporation (Tactical Network) filed a notice of appeal, which we docketed as ASBCA No. 62963. As the complaint subsequently indicated, ASBCA No. 62963 challenges the government's interpretation of the contract, and seeks an order directing the government to receive pending deliverables. The contracting officer (CO) then issued an order to show cause why the contract should not be terminated in light of Tactical Network's purported discontinued performance. As a result, Tactical Network filed a motion to compel on August 2, 2021, seeking an order compelling the CO to refrain from further contract actions. On August 4, 2021, Tactical Network filed a motion *in limine*, seeking permission to take discovery from the CO. On August 30, 2021, Tactical Network filed a motion for summary judgment, arguing that the government's answer admitted the majority of the complaint's allegations. On September 1, 2021, the government filed a motion to strike the portion of the complaint seeking an order directing the government to receive pending deliverables. Meanwhile, on September 8, 2021, the CO terminated the contract for default. On September 9, 2021, Tactical Network filed a "motion to join," seeking to convert the termination for default to a termination for convenience, and to consolidate that challenge with ASBCA No. 62963. On September 11, 2021, the government filed an opposition to the motion to join, opposing consolidation of the new appeal and ASBCA No. 62963. Because a new appeal has not been docketed, the government did not challenge that new appeal.

However, the government filed a motion to dismiss ASBCA No. 62963 on the grounds that the termination for default mooted the issues of contract interpretation in ASBCA No. 62963.

First, we deny Tactical Network's motion to compel, and grant the government's motion to strike, because the motion and the complaint both request injunctive relief or specific performance, which we cannot provide. The Board does not possess jurisdiction to provide injunctive relief or order specific performance. *Konoike Construction Co.*, ASBCA No. 40910, 91-3 BCA ¶ 24,170 at 120,908. The motion to compel's request that we order the CO not to take further contract actions and the complaint's request that we order the government to receive pending deliverables are in the nature of requests for injunctive relief or specific performance. Therefore, we do not possess jurisdiction to grant that relief. In any event, the termination for default has mooted those requests. As a result, we deny the motion to compel, and grant the motion to strike.

Second, we deny Tactical Network's motions *in limine* and for summary judgment. Those motions are premature because we have not issued a scheduling order, and discovery has not commenced. In any event, Tactical Network's conclusory motion for summary judgment fails to show that there is no genuine issue as to any material fact, and that Tactical Network is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Third, we treat Tactical Network's motion to join as a notice of appeal, and will docket it under a separate docket number. Moreover, we grant Tactical Network's motion to consolidate that appeal with ASBCA No. 62963, and deny the government's motion to dismiss ASBCA No. 62963. Instead of being moot, the issues of contract interpretation raised in ASBCA No. 62963 will be crucial in resolving the new appeal challenging the termination for default.

CONCLUSION

For the reasons discussed above, Tactical Network's motion to compel, motion *in limine*, and motion for summary judgment are denied. Likewise, the government's motion to dismiss is denied. We will treat Tactical Network's motion to join as a new appeal, and we grant Tactical Network's motion to consolidate that appeal with ASBCA No. 62963. We also grant the government's motion to strike, and we strike

2

the portion of the complaint in ASBCA No. 62963 seeking an order directing the government to receive pending deliverables.

Dated: October 13, 2021

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD J. SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62963, Appeal of Tactical Network Corporation, rendered in conformance with the Board's Charter.

Dated: October 13, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals